**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MECCA FRANKLIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:26-cv-03309** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SOURCE4,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Mecca Franklin ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Source4 ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Illinois Human Rights Act, 775 ILCS 5/ ("IHRA"), seeking redress for Defendant's sex-based discrimination, and retaliation for engaging in a protected activity in violation of Title VII and the IHRA.

2. This lawsuit also arises under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. § 2000gg *et seq*. ("PWFA"), and the Illinois Human Rights Act, 775 ILCS 5/2-102 ("IHRA"), seeking redress for Defendant's failure to accommodate Plaintiff's pregnancy, and for Defendant's retaliation against Plaintiff for engaging in a protected activity under the PWFA and the IHRA.

3. This lawsuit further arises under the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e *et seq*., seeking redress for Defendant's pregnancy-based discrimination against Plaintiff for engaging in a protected activity under the PDA.

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

5.      Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendant operate and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6.      This Court has pendent jurisdiction and supplementary jurisdiction of Counts II, IV, and VI through 28 U.S.C. § 1367.

## ADMINISTRATIVE PREREQUISITES

7.      All conditions precedent have occurred or been complied with.

8.      A charge of employment discrimination was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (Attached hereto as Exhibit "A").

9.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

10.     Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

11.     Plaintiff is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Cook County, Illinois.

12.     Defendant, located at 3944 S. Morgan St., Chicago, Illinois, 60609, is a corporation specializing in printing services that at all times material to the allegations in this Complaint was doing business in and for Cook County, Illinois.

13.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C § 2000e(f).

14. During the applicable limitations period, Defendant have had at least fifteen employees, have been an "employer" as defined by Title VII, and have been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

15. Plaintiff is a female and was employed by Defendant as a Project Manager from on or about May 8, 2023, until her unlawful termination on or about June 9, 2025.

16. Plaintiff performed her job duties in a satisfactory manner and met Defendant's legitimate performance expectations throughout her employment.

17. On or about March 11, 2025, Plaintiff took approved bereavement leave for several days.

18. Shortly thereafter, Plaintiff learned that she was pregnant and began experiencing severe pregnancy-related symptoms, including nausea, headaches, and vomiting.

19. Plaintiff sought medical treatment, and her physician placed her on leave under the Family and Medical Leave Act ("FMLA") due to her pregnancy-related condition.

20. Plaintiff's physician subsequently submitted multiple requests to extend Plaintiff's leave, each of which identified Plaintiff's condition as a "pregnancy disability."

21. These extension requests were consistently provided to Defendant and to The Hartford, Defendant's third-party administrator responsible for managing employee leaves.

22. While Defendant confirmed receipt of some of these requests and failed to respond to others, The Hartford approved each extension and continued issuing short-term disability benefits to Plaintiff.

23. On or about May 27, 2025, Plaintiff continued to experience serious pregnancy-related health complications.

24. On that date, Plaintiff's physician submitted an additional request to extend

Plaintiff's leave through on or about June 27, 2025, again identifying the basis for leave as a "pregnancy disability."

25. Plaintiff's FMLA leave was set to expire on or about June 3, 2025, and the May 27, 2025 request sought to extend her leave through that date and for an additional three and a half weeks thereafter as a reasonable accommodation for her pregnancy.

26. Plaintiff did not receive any response from Defendant regarding this request but continued to receive short-term disability benefits, consistent with Defendant's prior course of conduct.

27. Based on Defendant's prior handling of her leave requests, the continued approval of benefits, and the absence of any communication to the contrary, Plaintiff reasonably believed her leave remained approved.

28. During this time, Plaintiff's physician communicated directly with Defendant's Chief Financial Officer, Jeff Scribner, who acted as Defendant's primary point of contact in the absence of a formal human resources department.

29. The medical documentation provided to Defendant clearly indicated that Plaintiff was pregnant and required leave due to pregnancy-related complications.

30. Despite having knowledge of Plaintiff's pregnancy and her request for additional leave, Defendant, through Mr. Scribner, failed to contact Plaintiff, failed to engage in any discussion regarding her leave status, and failed to engage in any interactive process to determine whether a reasonable accommodation could be provided.

31. On or about June 9, 2025, Defendant terminated Plaintiff's employment.

32. In a termination letter, Defendant stated that Plaintiff's FMLA leave had expired on June 3, 2025, and that Plaintiff was expected to return to work on June 4, 2025.

33. The letter acknowledged receipt of Plaintiff's request for an extension of leave but stated that Plaintiff was being terminated pursuant to Defendant's Absenteeism and Tardiness policy for allegedly failing to report to work.

34. The termination letter constituted the first communication Plaintiff received from Defendant regarding her May 27, 2025 request for extended leave.

35. At all relevant times, Defendant was aware of Plaintiff's pregnancy and her ongoing need for leave as a result of pregnancy-related medical complications.

36. Defendant failed to inform Plaintiff that her request for additional leave was denied, failed to engage in any interactive process, and instead waited until Plaintiff's FMLA leave expired before terminating her employment.

37. Defendant's stated reason for Plaintiff's termination—alleged job abandonment or voluntary resignation—was false and pretextual.

38. Defendant's conduct, including its failure to accommodate Plaintiff's pregnancy, failure to engage in an interactive process, and termination of Plaintiff's employment, was motivated by Plaintiff's pregnancy and her requests for leave and accommodation.

**COUNT I**
**Violation of the Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

39. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

40. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex and pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

41. Plaintiff was a member of a protected class under Title VII, due to Plaintiff's sex and pregnancy.

42. Plaintiff was qualified for their position as a Project Manager.

43. Plaintiff met or exceeded performance expectations.

44. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

45. Ultimately, Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex and pregnancy.

46. Specifically, Plaintiff was terminated following her disclosure of her pregnancy and request for reasonable accommodation in relation to her pregnancy.

47. Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

48. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of the Illinois Human Rights Act, 775 ILCS 5/
### (Sex-Based Discrimination)

49. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

50. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex and pregnancy, in violation of the Illinois Human Rights Act (775 ILCS 5/) ("IHRA").

51. Plaintiff was a member of a protected class under the IHRA, due to Plaintiff's sex and pregnancy.

52. Plaintiff was qualified for their position as a Project Manager.

53. Plaintiff met or exceeded performance expectations.

54. Plaintiff was treated less favorably than similarly situated employees outside of

6

Plaintiff's protected class.

55.     Ultimately, Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex and pregnancy.

56.     Specifically, Plaintiff was terminated following her disclosure of her pregnancy and request for reasonable accommodation in relation to her pregnancy.

57.     Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

58.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

59.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

60.     By virtue of the conduct alleged herein, Defendant retaliated against Plaintiff because disclosed her pregnancy and requested reasonable accommodation for her pregnancy, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

61.     Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex and pregnancy.

62.     During Plaintiff's employment with Defendant, Plaintiff disclosed her pregnancy to Defendant and reasonably requested accommodation in relation to her pregnancy.

63.     Plaintiff requested accommodation on or about May 27, 2025, when her physician submitted a request to Defendant to extend her leave as a reasonable accommodation for her pregnancy.

64. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII.

65. In response to Plaintiff's accommodation request, Defendant refused to engage in the interactive process and instead opted to cancel Plaintiff's contract early and terminate Plaintiff's employment.

66. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

67. Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

68. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT IV
**Violation of the Illinois Human Rights Act, 775 ILCS 5/**
**(Retaliation)**

69. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

70. By virtue of the conduct alleged herein, Defendant retaliated against Plaintiff because disclosed her pregnancy and requested reasonable accommodation for her pregnancy, thereby violating the Illinois Human Rights Act (775 ILCS 5/) ("IHRA").

71. Plaintiff was a member of a protected class under the IHRA, due to Plaintiff's sex and pregnancy.

72. During Plaintiff's employment with Defendant, Plaintiff disclosed her pregnancy to Defendant and reasonably requested accommodation in relation to her pregnancy.

73. Plaintiff requested accommodation on or about May 27, 2025, when her physician submitted a request to Defendant to extend her leave as reasonable accommodation for her

pregnancy.

74. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under IHRA.

75. In response to Plaintiff's accommodation request, Defendant refused to engage in the interactive process and instead opted to cancel Plaintiff's contract early and terminate Plaintiff's employment.

76. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

77. Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

78. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT V
**Violation of the Pregnant Workers Fairness Act**
**(Failure to Accommodate)**

79. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

80. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. § 2000gg et seq. ("PWFA").

81. Plaintiff was a member of a protected class under the PWFA, due to Plaintiff's pregnancy.

82. Plaintiff was a qualified employee as defined by the PWFA.

83. Defendant was aware of Plaintiff's pregnancy and her need for accommodation.

84. During Plaintiff's employment with Defendant, Plaintiff disclosed her pregnancy

to Defendant and reasonably requested accommodation in relation to her pregnancy.

85. Plaintiff requested accommodation on or about May 27, 2025, when her physician submitted a request to Defendant to extend her leave as reasonable accommodation for her pregnancy.

86. Defendant failed to engage in the interactive process to determine the appropriate accommodation after Plaintiff requested reasonable accommodation.

87. Plaintiff's reasonable accommodation that was requested was not an undue burden on Defendant.

88. Temporary task adjustments were feasible within Defendant's operations.

89. Defendant did not accommodate Plaintiff's pregnancy and instead terminated Plaintiff's employment following her request for accommodation.

90. Defendant acted in willful and/or reckless disregard for Plaintiff's protected rights.

91. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VI**
**Violation of the Illinois Human Rights Act, 775 ILCS5/2-102(J)(1)**
**(Failure to Accommodate)**

92. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

93. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Illinois Human Rights Act, 775 ILCS5/2-102(J)(1) ("IHRA").

94. Plaintiff was a member of a protected class under the IHRA, due to Plaintiff's pregnancy.

95. Plaintiff was a qualified employee as defined by the IHRA.

96. Defendant was aware of Plaintiff's pregnancy and her need for accommodation.

97. During Plaintiff's employment with Defendant, Plaintiff disclosed her pregnancy to Defendant and reasonably requested accommodation in relation to her pregnancy.

98. Plaintiff requested accommodation on or about May 27, 2025, when her physician submitted a request to Defendant to extend her leave as reasonable accommodation for her pregnancy.

99. Defendant failed to engage in the interactive process to determine the appropriate accommodation after Plaintiff requested reasonable accommodation.

100. Plaintiff's reasonable accommodation that was requested was not an undue burden on Defendant.

101. Temporary task adjustments were feasible within Defendant's operations.

102. Defendant did not accommodate Plaintiff's pregnancy and instead terminated Plaintiff's employment following her request for accommodation.

103. Defendant acted in willful and/or reckless disregard for Plaintiff's protected rights.

104. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VII
### Violation of the Pregnant Workers Fairness Act
### (Retaliation)

105. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

106. By virtue of the conduct alleged herein, Defendant retaliated against Plaintiff based on Plaintiff requesting reasonable accommodations related to her pregnancy, thereby violating the

11

Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. § 2000gg *et seq.* ("PWFA").

107. Plaintiff is a member of a protected class under the PWFA due to Plaintiff's sex and pregnancy.

108. Plaintiff was a qualified employee as defined by the PWFA.

109. During Plaintiff's employment with Defendant, Plaintiff disclosed her pregnancy to Defendant and reasonably requested accommodation in relation to her pregnancy.

110. Plaintiff requested accommodation on or about May 27, 2025, when her physician submitted a request to Defendant to extend her leave as reasonable accommodation for her pregnancy.

111. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the PWFA.

112. Plaintiff's reasonable accommodation that was requested was not an undue burden on Defendant.

113. Despite Plaintiff's request for accommodation related to her pregnancy, Defendant failed to engage in any interactive process and instead terminated Plaintiff's employment on or about June 9, 2025.

114. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

115. Defendant acted in willful and/or reckless disregard for Plaintiff's protected rights.

116. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VIII
### Violations of the Pregnancy Discrimination Act
### (Disparate Treatment)

117. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

118. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex and pregnancy, in violation of the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000 *et seq.* ("PDA").

119. The PDA prohibits an employer from discriminating against an employee on the basis of pregnancy, childbirth, or related medical conditions. Plaintiff was a member of a protected class under Title VII, due to Plaintiff's sex and pregnancy.

120. Plaintiff was a member of a protected class under the PDA due to Plaintiff's pregnancy.

121. Plaintiff was qualified for their position as a Project Manager.

122. Ultimately, Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex and pregnancy.

123. Specifically, Plaintiff was terminated shortly after her request for an extension of leave as a reasonable accommodation for her pregnancy, and immediately following the expiration of her FMLA leave.

124. Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

125. As a result of Defendant's conduct, Plaintiff suffered damages, including loss of employment, loss of income, loss of employment benefits, mental anguish, financial distress, emotional distress, humiliation, and loss of enjoyment of life.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

13

a.  Back pay with interest;

b.  Payment of interest on all back pay recoverable;

c.  Front pay;

d.  Loss of benefits;

e.  Compensatory and punitive damages;

f.  Reasonable attorneys' fees and costs;

g.  Award pre-judgment interest if applicable; and

h.  Award Plaintiff any and all other such relief as the Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated: March 25, 2026.

*/s/ Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
**NATHAN C. VOLHEIM, ESQ.**
**CHASIDY K. CLARK, ESQ.**
**SULAIMAN LAW GROUP, LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: 630-575-8181
ceisenback@atlaslawcenter.com
nvolheim@atlaslawcenter.com
cclark@atlaslawcenter.com
*Counsel for Plaintiff*